UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 08-48-JBC

TAMI AKERS,                                                             PLAINTIFF,

V.                  **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                       DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Supplemental Security Income (R. 10, 11). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I. Overview of the Process**

Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court

does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

**II. The ALJ's Determination**

The plaintiff is a forty-year-old female with a high-school-equivalent education. AR 85. She has prior work experience as a cashier and as a caregiver. She alleges disability beginning on November 30, 2004, as a result of anxiety, depression, hypertension, and endometriosis. AR 85, 88-89. The plaintiff filed a

claim for Supplemental Security Income ("SSI") on January 5, 2005, which was denied initially and on reconsideration. After a hearing held on January 10, 2007, and a supplemental hearing held on November 16, 2007, Administrative Law Judge ("ALJ") Charlie Paul Andrus determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. AR 13-24. At Step 1, the ALJ determined that the plaintiff had not engaged in substantial gainful activity. At Step 2, the ALJ found that the plaintiff's degenerative disc disease, chronic pain syndrome, morbid obesity, history of asthma, and depressive/anxiety disorders are severe impairments. The ALJ then determined that the plaintiff's impairments did not meet or equal a listing in the Listing of Impairments at Step 3. At Step 4, the ALJ found that the plaintiff was unable to perform her past relevant work. The ALJ concluded at Step 5, however, that the plaintiff has the residual functional capacity ("RFC") to perform a significant number of other jobs in the national economy. AR 15-23. On February 28, 2008, the Appeals Council denied the plaintiff's request for review of the ALJ's decision, *see* AR 5-7, and the plaintiff then commenced this action.

### III. Legal Analysis

The plaintiff argues that the ALJ did not comply with Social Security Ruling 96-8p regarding Dr. W. R. Stauffer's consultative examination. The ALJ is required to explain why a medical source opinion was not adopted if the residual functional capacity (RFC) assessment conflicts with the medical opinion. SSR 96-8p. The

3

plaintiff specifically argues that there is a conflict between the RFC assessment adopted by the ALJ and the bending limitation opined by Dr. Stauffer in the medical source statement section of his consultative examination report, and that the ALJ did not explain why he did not adopt the bending limitation.

Dr. Stuaffer opined in his medical source statement as part of the consultative exam that the plaintiff "might have difficulty with repetitive bending." AR 251.  In response to a question asking how often the claimant can perform postural activities, Dr. Stauffer marked that Ms. Akers could climb occasionally, and do the following activities frequently: balance, stoop, crouch, kneel, and crawl. AR 257.  The form defines "occasionally" as "from very little up to 1/3 of an 8-hour day" and "frequently" as "from 1/3 to 2/3 of an 8-hour day."  AR 257.  The ALJ directly adopted the later findings, by directly limiting the claimant only with regard to climbing.  The plaintiff argues that the RFC assessment should have included a limitation on bending.  However, Dr. Stauffer's findings regarding the claimant's capacity to stoop, kneel, crouch, and crawl do not require such a limitation, as those are all simply specific forms of bending.[1]

---

[1] "*Stooping, kneeling, crouching, and crawling* are progressively more strenuous forms of bending parts of the body, with crawling as a form of locomotion involving bending.  Some stooping (bending the body downward and forward by bending the spine at the waist) is required to do almost any kind of work, particularly when objects below the waist are involved.  If a person can stoop occasionally (from very little up to one-third of the time) in order to lift objects, the sedentary and light occupational base is virtually intact.  However, because of the lifting required for most medium, heavy, and very heavy jobs, a person must be able to stoop frequently (from one-third to two-thirds of the time); inability to do so would substantially affect the more strenuous portion of the occupational base.

The ALJ stated in his decision that he was persuaded by the assessments of the consultative evaluators, and he essentially adopted their findings in his RFC. The ALJ found that the claimant had the following RFC with respect to her physical capacities: "lift/carry up to fifty pounds maximum occasionally and twenty-five pounds maximum frequently; stand/walk six hours out of eight; sit six hours out of eight; no more than occasional climbing; avoidance of temperature extremes, chemicals, dust, fumes, and humidity." AR 18-19. To the extent, if any, that the ALJ's findings differed from the findings of the state agency consultants, the ALJ stated his reasons for not finding the claimant more limited in her capacity to work.[2] Even if the ALJ erred by not including any postural limitation in his RFC

---

This is also true for crouching (bending the body downward and forward by bending both the legs and spine). However, crawling on hands and knees and feet is a relatively rare activity even in arduous work, and limitations on the ability to crawl would be of little significance in the broad world or work. This is also true of kneeling (bending the legs at the knees to come to rest on one or both knees)." SSR 85-15 (emphasis in original).

[2] After completing and stating the claimant's RFC, the ALJ gave the following analysis of his findings:
> Physical restriction as described appears to be reasonable given the claimant's history of chronic back and abdominal pain, diagnostic and clinical findings as noted, and history of morbid obesity. . . . However, the evidence as a whole does not provide a basis for further restriction. The evidence documents limited treatment overall, and the claimant has failed to follow recommended and/or prescribed treatment measures, specifically with regard to properly adhering to medicinal therapies and in following up with specialized treatment. Aside from decreased lumbar flexion, range of motion studies are otherwise unremarkable and gait/station are normal. . . .
> . . .
> In conclusion, the undersigned is persuaded that the foregoing limitations contain all inferences regarding the claimant's impairments

assessment, such an err was harmless. The ALJ's findings are consistent with the medical evidence in the record and are supported by substantial evidence.

The ALJ's request for the VE to review Dr. Stauffer's report and state any changes to the claimant's job options is further support for his conclusions. Following the hearing, the ALJ wrote to the VE requesting additional answers based on new medical evidence. The ALJ attached two reports, including one by Dr. Stauffer, each based on a consultative exam.[3] The ALJ stated in the letter that this new evidence, which he received subsequent to the hearing, persuaded him "that the assessments of functional capacity attached to the above reports are accurate." AR 133. The ALJ asked the VE to reconsider his findings from the hearing in light of the attached evidence. AR 133. The VE responded that none of the jobs cited at the hearing would be eliminated after considering Dr. Stauffer's report. AR 133. At a supplemental hearing, a second VE affirmed, by stating no difference of opinion, that the jobs identified by the first VE accommodate the limitations found by Dr. Stauffer. AR 338.

Therefore, the court finds that the ALJ complied with the social security regulations and that he adopted the findings of the consultative examinations as far

---

    and the degree of severity thereof which are raised by the objective
    and credible evidence of record, and that further limitation is not
    warranted.
AR 19, 22.

[3] The medical evidence attached to the letter included: (1) a report of consultative exam by W.R. Stauffer, M.D., dated March 15, 2007; and (2) a report of consultative exam by B. Paul Carney, PhD., dated March 28, 2007.

as they were consistent with the evidence in the record.  Additionally, the court finds that the ALJ's decision is supported by substantial evidence in the record.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (R. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (R. 10) is **DENIED**.

Signed on  February 9, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY